## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

DAMMEION CLARK

v.

INTERNATIONAL PAPER COMPANY

§
§
§
§           Civil Action No. 1:23-cv-237
§
§

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, International Paper Company ("IP" or "Defendant"), files this Motion for Summary Judgment as to Plaintiff, Dammeion Clark's ("Clark" or "Plaintiff") negligence claim against it and requests dismissal with prejudice.

### I.    INTRODUCTION

1.    Clark's sole claim for negligence against IP is barred by the applicable two-year statute of limitations: though Clark filed suit within two years, she was not diligent in effecting service on IP. While a diligent attempt to effectuate service allows a date of service that occurs after the expiration of limitations to relate back to the date of filing, a lack of diligence nevertheless renders the case barred by limitations. Here, the date of service should not relate back to the date Clark filed suit because Clark failed to take diligent actions to ensure service on IP: though Clark filed suit three days before the statute of limitations, Clark did absolutely *nothing* to effectuate service for over two months. Even then, Clark's only action was to request a citation from the clerk, but not to actually serve IP. Another twenty-two days passed before Clark provided the citation to a process server to effectuate service. Plaintiff did not secure service of process on IP until ninety-two days after the expiration of the statute of limitations.  Thus, Clark's negligence claim is barred by limitations as a matter of law.

## II.    NATURE AND STATE OF THE PROCEEDING

2.    This is a personal injury case in which Clark alleges to have sustained an injury in the course and scope of her employment with Rexnord Corporation, a company that had contracted with IP to perform work on equipment at IP's Orange, Texas, facility.

3.    On June 20, 2023, IP removed this case to this Court on the basis of diversity jurisdiction.

## III.    UNDISPUTED FACTS

4.    Clark alleges the incident made the basis of this lawsuit occurred on January 26, 2021. Clark's Am. Complaint at ¶ 4.00 [Dkt. No. 6].

5.    Clark filed her Original Complaint on January 23, 2023. [Dkt. No. 4].

6.    On April 6, 2023, Clark requested a citation from the state court clerk. Notice of Removal, pp. 14–18 [Dkt. No. 1 at pp. 14–18 (Dkt. No. 1-2)].

7.    On April 28, 2023, Clark provided the citation and Original Complaint to a private process server. *Id.* at pp. 20–21 [Dkt. No. 1 at p. 20–21 (Dkt. No. 1-2)].

8.    On April 28, 2023, over three months after the statute of limitations expired, IP was served with the citation and Original Complaint. *Id.*

## IV.    STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

9.    The sole issue for the Court's determination is whether Clark failed to use due diligence in effectuating service on IP after the statute of limitations expired such that Clark's claims are barred by limitations.

## V.    STANDARD OF REVIEW

10.    Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PROC. 56. In this context, as the moving party IP has the burden of proof on its affirmative

defense of limitations. However, once IP meets its burden to demonstrate that service occurred after the limitations deadline, the burden shifts to Clark to explain the delay. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). Here, IP must show Clark was not diligent in effecting service as a matter of law. *See Sanderson v. Vela*, 2003 WL 1564314, at *1–2 (Tex. App.—Dallas 2003, no pet.) (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975)); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2002, pet. denied); *Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.)).

11.     While whether Clark exercised diligence in obtaining service is generally a question of fact, if no valid excuse is offered for the time lapses and Clark's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Id.* (citing *Gonzalez*, 884 S.W.2d at 590 (citing *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ))). Importantly, not every offered explanation raises a fact question about due diligence. *Id.* Specifically, lack of diligence can be found even in the face of an offered explanation if that explanation affirmatively establishes lack of reasonable diligence. *Id.*

12.     Rather, Clark must show that she "acted as an ordinarily prudent person would have acted under the same or similar circumstances" and was "diligent up until the time the defendant was served." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009). If Clark meets this burden, only then must IP "show why [Clark's] explanation is insufficient as a matter of law." *Ibid.* (citation omitted).

13.     Because this case arises under the Court's diversity jurisdiction, and Clark's claim arises under Texas law, Texas's due diligence rule governs whether Clark's suit is timely. *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992); *Rodriguez v. Safeco Ins. Co. of Ind.*, No. 18-CV-00851, 2019 WL 650437, at *2–4 (W.D. Tex. Jan. 7, 2019) (applying Texas's due diligence requirement in federal lawsuit).

# VI.    ARGUMENTS & AUTHORITIES

14.    To comply with a statute of limitations under Texas law, it is not enough to file a lawsuit before the limitations period expires. *Gant*, 786 S.W.2d at 260. Clark must also either (a) serve IP with process before the limitations period expires or (b) exercise due diligence in serving IP after the limitations period expires. *Id.* If Clark diligently effected service after limitations expired, the date of service will relate back to the date of filing. *Proulx*, 235 S.W.3d at 215. However, if Clark did not exercise due diligence, the statute of limitations bars the suit. *Webster v. Thomas*, 5 S.W.3d 287, 291-92 (Tex. App.—Houston [14th Dist.] 1999, no pet.). This Court may find a lack of due diligence as a matter of law if Clark offers no excuse for her failure to procure service. *Saenz*, 951 F.2d at 667; *Ashley*, 293 S.W.3d at 177, 179.

15.    The required standard of diligence is "diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi-Edinburg 1994, no writ) (citing *Reynolds v. Alcorn*, 601 S.W.2d 785, 788 (Tex. Civ. App.—Amarillo 1980, no writ) (quoting *McDonald v. Evans*, 217 S.W.2d 870, 871 (Tex. Civ. App.—Amarillo 1949, no writ))).

16.    Numerous Texas courts have held claims barred by limitations when the plaintiff was not diligent in effecting service due to unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process. *Boyattia*, 18 S.W.3d at 733. For example, in *Webster v. Thomas*, the plaintiff filed suit on the last day of the limitations period. *Webster v. Thomas*, 5 S.W.3d 287, 288 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The *Webster* Court held the plaintiff's attorney did not exercise due diligence in serving the defendant because he allowed four months and ten days to pass before service finally occurred. *Id.* at 291. Moreover, the record in *Webster* demonstrated that during the months after suit was filed, the plaintiff's attorney called the wrong clerk's office several times, there was a three-week lapse before the citation was sent to the wrong precinct, and another

unexplained two-week period passed before counsel sent the citation to the correct precinct for service. *Id.* at 290–291. In total, there was a four month and ten-day delay between filing the petition and actual service, a similar delay as is at issue in this case. *Id.* at 291. The court in *Webster* held the plaintiff was not diligent in effecting service as a matter of law, thus, the claims were barred by the applicable statute of limitations. *Id.*

17.     The court in *Boyattia* reached a similar conclusion. *Boyattia*, 18 S.W.3d at 734. In *Boyattia*, the plaintiff filed suit one day before the expiration of the statute of limitations, yet one of the defendants was not served with process until approximately four months later. *Id.* The record showed the plaintiff's attorney requested the clerk to issue citation at the time suit was filed; however, the clerk delayed three months before delivering citation to the constable for service. *Id.* The plaintiff's attorney failed to demonstrate he made any effort to ensure delivery of the citation was accomplished timely. *Id.* The court held the plaintiff's attorney was obligated to diligently ensure service was accomplished and had provided no explanation as to why the delay had occurred. *Id.* The court held the plaintiff's failure to act during the three-month delay constituted lack of diligence as a matter of law; therefore, the court granted summary judgment on limitations in favor of the defendant. *Id. See also Stoney v. Gurmatakis*, 2010 WL 1840247, at *4 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (holding a two-month delay in inquiring with the clerk's office about procuring citation constituted lack of due diligence as a matter of law).

18.     In Texas, the statute of limitations for a negligence claim based in personal injury is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999). Here, Clark filed her Original Complaint on January 23, 2023, three days prior to the expiration of the statute of limitations on January 26, 2023. Clark's Original Complaint [Dkt. No. 4]; Clark's 1st Am. Complaint at ¶4.00 [Dkt. No. 6]. Seventy days passed after the statute of limitations expired before Clark requested a citation. Notice of Removal, pp. 14–18 [Dkt. No. 1 at pp. 14–18

(Dkt. No. 1-2)]. And another twenty-two days passed before Clark sent the citation and Original Complaint to a private process server. *Id.* at pp. 20–21 [Dkt. No. 1 at p. 20–21 (Dkt. No. 1-2)].

19.    Clark's inaction is clear from the record: she took no action between filing the lawsuit on January 23, 2023, and requesting a citation on April 6, 2023. She also took no action between April 6, 2023, when citation was requested and April 28, 2023, when she finally sent the citation and Complaint to the process server for service on IP. In fact, unlike the *Webster* or *Boyattia* cases, there also is no evidence of any confusion as to what clerk should be contacted or any delay by a clerk in facilitating service.  In this case, the delay was entirely due to Clark's inaction.

20.    The results in *Webster* and *Boyattia* warrant the same result here: Clark was not diligent in effecting service after the expiration of limitations. In this case, ninety-two days—that is, three months and two days—passed between the date limitations expired and the date IP was served. Moreover, the record is devoid of any evidence that Clark made any other efforts to serve IP earlier or any cogent, reasonable explanation for the delay.

21.    The inexplicable delays demonstrate Clark's lack of diligence to serve IP. Accordingly, because Clark did not serve IP until after the limitations period ran, the date of service does *not* relate back to the date suit was filed. *Sanderson*, 2003 WL 1564314, at *1–2 (citing *Rigo Mfg. Co.*, 458 S.W.2d at 182; *Perkins v. Groff*, 936 S.W.2d 661, 667–68 (Tex. App.—Dallas 1996, writ denied)). Therefore, Clark's case should be dismissed as barred by limitations.

## VII.    PRAYER

For these reasons, Defendant, International Paper Company, requests the Court grant this Motion for Summary Judgment, dismiss Plaintiff, Dammeion Clark's claims with prejudice, and grant all further relief to which Defendant, International Paper Company, may be justly entitled.

Respectfully submitted,

By: _____

Kimberly A. Chojnacki
Texas Bar No. 24068696
kchojnacki@bakerdonelson.com
Melissa Vest
Texas Bar No. 24096002
mvest@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone

***Attorneys for Defendant,
International Paper Company***

## CERTIFICATE OF SERVICE

I certify that on August 11, 2023, a true and correct copy of the foregoing document and all documents listed above have been served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

Bernard Hubbard, II
The Law Offices of Bernard Hubbard, II
2706 Cypress Woods Lane
Manvel, Texas 77578
(601) 942-8958 – Telephone
(832) 219-8088 – Facsimile
bj@bjhubbardlaw.com

**ATTORNEY FOR PLAINTIFF DAMMEION CLARK**

_____
Kimberly A. Chojnacki