IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DAMMEION CLARK** | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-237 |
| | § | |
| **INTERNATIONAL PAPER COMPANY** | § | |

**PLAINTIFF'S OPPOSITION TO  DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Dammeion Clark, who, respectfully opposes the defendant's *Motion For Summary Judgement.*

**PLAINTIFF'S RESPONSE TO DEFENDANT STATEMENT OF ISSUES**

Plaintiff avers that the defendant's motion for summary should be denied as that the plaintiff exercised due diligence in requested service in this matter.

**RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS**

Clark alleges the incident made the basis of this lawsuit occurred on January 26, 2021. Clark's Am. Complaint. Admitted..

Clark filed her Original Complaint on January 23, 2023. Admitted.

On April 28, 2023, Clark provided the citation and Original Complaint to a private process server. Admitted.

On April 28, 2023, over three months after the statute of limitations expired, IP was served with the citation and Original Complaint. Denied.  Plaintiff avers that the service should relate back to the date of filing under the facts of this case.

Respectfully Submitted:

/s/ Lindsey Scott

_____
Lindsey J. Scott-Bar Roll #25868
632 St. Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 387-2688
Facsimile: (866)721-4124
Email: ljscott@38scott.com

AND

Bernard Hubbard, II
Texas Bar No. 24125287
bj@bjhubbardlaw.com
**THE LAW OFFICES OF BERNARD HUBBARD, II**
2706 Cypress Woods Lane
Manvel, Texas 77578
(601) 942-8958 – Telephone
(832) 219-8088 – Facsimile
*Attorneys for Plaintiff,*
*Dammeion Clark*

## **CERTIFICATE OF SERVICE**

      I certify that on September 21, 2023, the foregoing document was served in accordance with the Federal Rules of Civil Procedure via ECF on all counsel of record.

      Kimberly A. Chojnacki
      BAKER, DONELSON, BEARMAN,
      CALDWELL & BERKOWITZ. P.C.
      1301 McKinney Street, Suite 3700
      Houston, Texas 77010
      (713) 650-9700 - Telephone
      Attorneys for Defendant,
      International Paper Company

      **/s/ Lindsey J. Scott**
      _____
      Lindsey J. Scott

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **DAMMEION CLARK** | § | |
| | § | |
| | § | |
| **v.** | § | Civil Action No. 1:23-cv-237 |
| | § | |
| **INTERNATIONAL PAPER COMPANY** | § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
OPPOSITION TO
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Dammeion Clark, who, respectfully opposes the defendant's *Motion For Summary Judgement.*

**STATEMENT OF THE CASE**

Plaintiff filed suit against the defendant in this case for injuries that she sustained while on the premises of International Paper Company. It is undisputed that the incident occurred on January 26, 2021. As a result of said injuries, plaintiff has undergone significant medical treatment, and has been recommended to undergo spinal surgery. Said surgery has been approved by the Louisiana Office of Workers' Compensation Administration. Suit is in this matter was timely filed on January 23, 2023. Citation was requested on April 6, 2023, and perfected on April 28, 2023. Under the facts of this case, plaintiff respectfully avers that said service should relate back her January 23, 2023 filing.

**<u>SUMMARY OF THE ARGUMENT</u>**

Though it is undisputed that suit was filed on January 23, 2023, and the request for citation on April 6, 2023, spanning seventy-four (74) days, the question of due diligence, is a question of fact. Undersigned counsel is licensed to practice in Louisiana. Counsel's usual docketing system is based on his practice in Louisiana, which has no deadline for service of process, but merely

requires that service be "requested" within ninety (90) days of the filing of the petition.[1] As a part of plaintiff counsel's "rotation" system, plaintiff counsel cycles back to all suits filed within ninety (90) days to request service (if service was held).

In the case at bar, once the suit was filed, the undersigned computer docket system automatically calendared April 23, 2023, as the usual deadline to request service and citation. This resulted in a "plan of attack" meeting between undersigned counsel, and Attorney Bernard Hubbard for purpose of directing this matter. Said meeting resulted in the April 6, 2023 request for citation. Though Bernard Hubbard is licensed in the state of Texas, his role herein was to simply file the suit to preserve the action. Undersigned counsel (Lindsey Scott) has considerable more experience, and would maintain his role as lead counsel.

Additionally, between January, 2023, and April, 2023, plaintiff counsel was presented with a number of pressing matters. As described in an affidavit in support, plaintiff-counsel was tasked with two (2) Motions for Summary Judgment and three (3) jury trials. One matter, namely, *Miller v. Sleep Inn* (Louisiana, 19th Judicial District Court), involved six (6) motions, which were filed from March 17, 2023, through May 22, 2023 (the date of trial). These motions included an *Application* for Supervisory Writ to the Louisiana First Circuit Court of Appeals.

Below is a non-exhaustive list of items which impacted counsel's rotation system.

a. January 27, 2023 - Opposition to Motion for Summary Judgment *Schmook vs. Kansas City Railroad* (Middle District of Louisiana)

b. February 2, 2023 - Opposition for Motion for Summary Judgment (*Terrance vs. Family Dollar*, 19th Judicial District of Louisiana).

c. February 21, 2023 - *Gautreau vs. GEICO* (Middle District of Louisiana) – Jury Trial was set for February 21, 2023. The usual pretrial motions were litigated through the end of February. The matter was ultimately continued, however, pretrial matters proceeded until the end of February. The mattered was settled in March, 2023.

---

[1] Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. La. Code Civ. Proc. Art. 1201.

d. February 21, 2023 – *Schmoock v. Kansas City Railway*. Motion for Summary Judgment was further litigated by means of plaintiff's Motion for Leave to File Sur-reply, which was subsequently granted. The matter had multiple filings (not listed here) from (February 21, 2023 through April 3, 2023).

e. April 25, 2023 - *Magee vs. Villenurve.* Set for 3 day Jury trial (23rd Judicial District Court of Louisiana). Extensive pretrial preparation was conducted on this matter until it settled March 15, 2023.

f. May 22, 2023 – *Miller vs. Sleep Inn.* Set for 4 ½ day jury trial set on May 22, 2023. Pretrial motions were litigated from March 17, 2023, through the trial date of May 22, 2023, wherein the court continued the matter to September 21, 2023. The motions litigated in Miller or detailed below.

    (a) 3/17/2023    Defendant's Motion for Summary Judgment
    (b) 3/21/2023    Defendant's Motion in Limine Subsequent Remedial Measures
    (c) 4/18/2023    Motion to Strike (Defendant's Expert/MSJ/Limine as untimely)
    (d) 4/20/2023    Motion to Strike (Plaintiff Expert/Alternative Motion for Continue)
    (e) 4/24/2023    Opposition to Def. Motion to Strike Philip Beard and Report
    (f) 4/25/2023    Opposition to Plaintiff Motion to Strike
    (g) 4/26/2023    Reply Memo in Support of Def. Motion Plaintiff Expert Alt Cont. Trial
    (h) 4/28/2023    Plaintiff Opposition to Defendant Plaintiff in Lim Sub Rem. Meas.
    (i) 5/1/2023    ORDERED - Granted Plaintiff Motion in to Strike Expert Report; Denied MTN in Limine.
    (j) 5/18/2023    Def. Motion to Continue (Phllip Beard)
    (k) 5/22/2023    Def. Motion to Strike Newly Produced Recs and Testimony of Defendant's Motion to Continue filed on the day trial

These facts demonstrate genuine issues of material fact as it relates to a lack of diligence, and show that the lapse occurred as a result of plaintiff counsel's designed calendaring system, and his docket as described above.

## **ARGUMENT**

It is well settled that a suit for damages based on personal injuries must be filed within two years from the date the cause of action accrues. See Tex. Civ. Prac. & Rem. Code § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); Sharp, 500 S.W.3d at 119. If service is diligently effected after limitations has

expired, the date of service will relate back to the date of filing. *Proulx*, 235 S.W.3d at 215; *Sharp*, 500 S.W.3d at 119. When a defendant has affirmatively plead a limitations defense and shows that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 216; Sharp, 500 S.W.3d at 119. Thus, it is the plaintiff's burden to present evidence regarding the efforts that were made to serve the defendant and to explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216; Sharp, 500 S.W.3d at 119. If the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Proulx*, 235 S.W.3d at 216; Sharp, 500 S.W.3d at 119.

Generally, whether the plaintiff exercised diligence is a fact question to be determined by a jury. *Eichel v. Ullah*, 831 S.W.2d 41, 43 (Tex.App. El Paso 1992, no writ). The question of diligence may only be determined as a matter of law if no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence. *Rodriguez v. Tinsman & Houser, Inc*., 13 S.W.3d 47, 49 (Tex.App. - San Antonio 1999, pet. denied); *Eichel,* 831 S.W.2d at 44. In explaining any delay in service to a defendant after the statue of limitations, a plaintiff must explain every period of dela*y. Gant v. DeLeon*, 786 S.W.2d at 260.

There are multiple issues of fact in this case. Plaintiff counsel has pleaded via affidavit, numerous factors, including his on docketing system, that raise genuine issues of material fact. As such, the defendant's motion for summary judgment should be denied.

1. **Plaintiff counsel's docket and file rotation system.**

In *English v. Record*, plaintiff-counsel provided an affidavit explaining the delays. He was occupied with other work for the initial three-week delay between filing and the request for

citation. He stated that he worked his active cases on a "rotating" system. Once he ensured that the suit was filed within the limitations period, he rotated to working on other "pressing matters" before he turned again to English's case.

*English v. Record.*, No. 01-20-00608-CV, 2021 WL 4095253, at 4 (Tex. App.--Hous. [1st Dist.] Sept. 9, 2021). Based upon that evidence, the court held:

> The foregoing evidence constitutes more than a scintilla of evidence raising a question of fact regarding whether English "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time [Record] was served." See id. at 216 (holding that question of plaintiff's diligence in obtaining service is generally one of fact to be determined by examining time it took to secure citation, service, or both, and type of effort or lack of effort plaintiff expended in procuring service).

*Id.* at 4.

The court noted that plaintiff-counsel's explanation of his "rotation system was a reasonable explanation only in light of the short duration of the delay," stating that "a twenty-two (22) day lapse between the filing of the petition and the request for issuance of citation ... is reasonably explained by a rotation system." *Id.* Though the lapse in the case at bar was longer, plaintiff counsel's docketing system was based upon a jurisdiction (Louisiana) that requires that service be requested within 90 days. After suit was filed, plaintiff counsel moved on to other pressing matters, and cycled back, on April 6, 2023. This was not due to a lack of diligence, but due to counsel's docketing system and existing docket.

## **CONCLUSION**

Based upon the foregoing, defendant motion for summary judgment should be denied.

                                        Respectfully Submitted:

                                        /s/  Lindsey Scott

                                        _____
                                        Lindsey J. Scott-Bar Roll #25868
                                        632 St. Ferdinand Street
                                        Baton Rouge, LA 70802
                                        Telephone:  (225) 387-2688
                                        Facsimile: (866)721-4124
                                        Email: ljscott@38scott.com

## CERTIFICATE OF SERVICE

      I certify that on September 21, 2023, the foregoing document was served in accordance with the Federal Rules of Civil Procedure via ECF on all counsel of record.

>Kimberly A. Chojnacki
>BAKER, DONELSON, BEARMAN,
>CALDWELL & BERKOWITZ. P.C.
>1301 McKinney Street, Suite 3700
>Houston, Texas 77010
>(713) 650-9700 - Telephone
>Attorneys for Defendant,
>International Paper Company

                    **/s/ Lindsey J. Scott**
                    Lindsey J. Scott