IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAMMEION CLARK | § § | |
| v. | § § | Civil Action No. 1:23-cv-237 |
| INTERNATIONAL PAPER COMPANY | § § § | |

**DEFENDANT, INTERNATIONAL PAPER COMPANY'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Dammeion Clark's ("Clark") twenty-fifth hour filings fail to raise a fact issue sufficient to survive Defendant, International Paper Company's ("IP") motion for summary judgment. Specifically, Clark has not established that she, or her attorneys, exercised diligence in procuring service on IP outside the applicable two-year limitations period. Thus, the date of service does not relate back to the date Plaintiff's Petition was filed and as such, Clark's action is time-barred. Accordingly, IP is entitled to summary judgment as a matter of law as to all of Clark's claims.

Clark's counsel has failed to meet his burden to establish he "acted as an ordinarily prudent person would have acted under the same or similar circumstances" and was "diligent up until the time the defendant was served." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

**A. Clark's Louisiana-based counsel's ignorance of Texas law is no excuse for lack of diligence in service.**

First, Clark's reliance on counsel's "usual" system for calendaring docket deadlines as evidence of due diligence is misplaced: counsel's system is premised on Louisiana law—*i.e.*, Louisiana's ninety-day request for citation deadline—which is not relevant in a case pending in Texas. Particularly, counsel's dependence on Louisiana procedure is of no moment to a lawsuit pending in Texas based on Texas law; counsel is expected to handle the case in accord with the Texas Rules of Civil Procedure.

In fact, courts applying Texas law have long held a party's ignorance of the law is an invalid excuse for failing to procure service in a timely manner. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.); *Emerton v. Kroger Co.*, No. 3:14-CV-3334-D, 2015 WL 731250, at *3 (N.D. Tex. Feb. 20, 2015) ("Ignorance of the law or reliance upon one's own attorney does not constitute such an excuse."); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 51 (Tex. App.—San Antonio 1999, no pet.) ("An invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law.").

In *Weaver*, the Court held a *pro se* litigant failed to use diligence in effecting service on the defendant when the litigant did not serve the defendant for nine months. *Weaver,* 942 S.W.2d 168–70. The *Weaver* Court held the litigant's proffered excuse premised on her ignorance of the law regarding service was an insufficient excuse to explain the delay. *Id.* In reaching this decision, the Court reiterated the obvious: "an excuse of diligence must involve diligence to seek service of process. *Ignorance of the law . . . does not constitute such an excuse.*" *Id.* at 169. Absent an excuse, the delay constitutes a lack of diligence as a matter of law. *Id.*

Thus, Clark's counsel's excuse premised on his ignorance of Texas law regarding diligent service of process is no excuse at all. Clark's counsel contends he used diligence in procuring service because he relied on the ninety-day service deadline applicable under the Louisiana Rules of Civil Procedure, ostensibly ignorant of the requirement under *Texas law* that Clark exercise due diligence in the timely issuance and service of citation (even after a suit is timely filed). *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (requiring due diligence in issuance and service of citation to interrupt the running of limitations). Of importance, this is *not* a case where Louisiana law is relevant; Texas law—both substantive and procedural—clearly applies.

As in *Weaver*, therefore, Clark's counsel's ignorance of Texas law on this issue is an invalid explanation of delay, constituting lack of diligence as a matter of law, entitling IP to summary judgment

2

in its favor. *Weaver*, 942 S.W.2d at 169; *Emerton*, 2015 WL 731250, at *3; *Rodriguez*, 13 S.W.3d at 51 (all cases noting a party or counsel's ignorance of the law is an insufficient excuse for delay in procuring service and does *not* create a fact issue as to whether due diligence was used).

### B. Clark's Louisiana-based counsel's docketing system is no evidence of diligence.

Clark's counsel's reliance on *English v. Record* is misguided and does not support his contention that he exercised due diligence in effecting service. As Clark's counsel concedes, the present case is clearly distinguishable. In *English v. Record*, a personal injury plaintiff's counsel requested citation for service twenty-two days after filing the petition. *English v. Record*, No. 01 20-00608-CV, 2021 WL 4095253 at *1, 2021 Tex. App. LEXIS 7478 at *3 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet. h.) (mem. op.). In finding plaintiff's counsel acted diligently, the Court took note in particular of the time it took the plaintiff's attorney to secure citation. *Id.* (citing *Proulx*, 235 S.W..3d at 214–15). The Court concluded the attorney's use of a "rotation system was a reasonable explanation *only in light of the short duration of the delay*" and that "a twenty-two-day lapse between filing the petition and request for issuance of a citation . . . [was] reasonably explained." *Id.* at *4 (emphasis added).

Here, the differences are evident: whereas the *English* attorney sought citation after a "short" delay of twenty-two days, Clark's counsel waited *seventy days*. Put differently, and unlike the *English* attorney, Clark's counsel did not have a "short duration of delay" between filing and requesting citation; rather *seventy days* passed after the statute of limitations expired and before Clark requested citation—that is, fifty days more than it took the *English* attorney. Notice of Removal, pp. 14–18 [Dkt. No. 1 at pp. 14–18 (Dkt. No. 1–2)]. This is significant insofar as the *English* Court determined the "rotation system was a reasonable explanation *only in light of*" the short, twenty-two-day delay between filing and issuance of citation. *English*, 2021 WL 4095253 at *4 (emphasis added). Seventy days is more than three times longer than the twenty-two-day lapse that was "reasonably explainable" in *English*, a point Clark's counsel appears to concede. Thus, counsel's rotation system is not a "reasonable

3

explanation" for the seventy-day lapse between filing the petition and service on IP, in which case IP remains entitled to summary judgment in its favor.

### C. Clark offers <u>no excuse</u> as to why her local, Texas-licensed counsel was unable to effect service timely.

Importantly, Clark's Louisiana-based <u>counsel retained local, Texas-licensed counsel</u> to "file the suit to preserve the action." Dkt. No. 17, Clark's Rsp. to Mtn for Summ. Judg. at p. 5. As Texas practitioners are aware, simply filing suit in Texas does not preserve it for purposes of limitations; rather, suit must be filed <u>and</u> served. *Gant v. DeLeon*, 786 S.W.2d 256, 260 (Tex. 1990). Yet, Clark offers <u>no explanation</u> as to why her local, Texas-licensed counsel was unable to, or otherwise did not handle, service of citation while Louisiana counsel was focused on "more pressing" matters.

Absent such an explanation, Clark has failed to meet her burden to explain every lapse in effort or period of delay in service of citation. *Proulx*, S.W.3d at 216. This is especially poignant considering Clark's local, Texas-licensed counsel was her only counsel of record at the time IP was served. Accordingly, summary judgment in IP's favor remains appropriate.

Defendant IP respectfully requests that the Court grant its Motion for Summary Judgment in its entirety, dismiss Plaintiff Dammeion Clark's claims in their entirety with prejudice, and grant any other relief to which Defendant IP may be justly entitled.

4

Respectfully submitted,

Kimberly A. Chojnacki
Texas Bar No. 24068696
Melissa Vest
Texas Bar No. 24096002
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 – Facsimile
kchojnacki@bakerdonelson.com
mvest@bakerdonelson.com

*Attorneys for Defendant,
International Paper Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, a true and correct copy of the foregoing was served on the following counsel in accordance with the Federal Rules of Civil Procedure on all counsel of record:

Bernard Hubbard, II
The Law Offices of Bernard Hubbard, II
2706 Cypress Woods Lane
Manvel. Texas 77578
(601) 942-8958 – Telephone
(832) 219-8088 – Facsimile
bj@bjhubbardlaw.com

Lindsey J. Scott
632 St. Ferdinand Street
Baton Rouge, LA 70802
ljscott@38scott.com
**Attorneys for Plaintiff Dammeion Clark**

Kimberly A. Chojnacki

5