| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DAMMEION CLARK, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:23-CV-237 |
| § | |
| INTERNATIONAL PAPER COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant International Paper Company's ("IPC") Motion for Summary Judgment (#10). IPC contends that Dammeion Clark's ("Clark") negligence claim is barred by the applicable statute of limitations. Specifically, IPC contends that Clark's claim is barred because she did not exercise reasonable diligence in effectuating service. Clark filed a response in opposition (#17), and IPC filed a reply (#18). Having considered the motion, the parties' submissions, the pleadings, the record, and the applicable law, the court is of the opinion that IPC's motion should be granted.

I.   Background

This lawsuit arises from an incident that occurred on or around January 26, 2021, at IPC's Orange County facility. Clark's employer contracted with IPC to perform maintenance on some of IPC's equipment. Clark's employer sent her to IPC's facility to perform these duties, and, while she was working on IPC's equipment, "a heavy metal object" fell from above her work area and "struck [her] on the head." Clark sued IPC in Texas state court and asserted a cause of action for negligence. She filed suit on January 23, 2023, three days before the expiration of the

two-year statute of limitations.[1]  Clark, however, did not serve IPC within the two-year statute of limitations.  In fact, Clark did not serve IPC until April 28, 2023—over three months after the limitations period had expired.  IPC promptly answered and removed the action to this court.  IPC now contends that Clark's claim is barred by the two-year statute of limitations.

II.    Analysis

    A.    Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 579 (2023); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021).  The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021).  To warrant judgment in its favor, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)).  At the summary judgment stage, the defendant "bears the burden of proving each element of each

---

[1] TEX. CIV. PRAC. & REM. CODE § 16.003(a).

affirmative defense by a preponderance of the evidence." *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 697 (5th Cir. 2020) (citing *Celotex Corp.*, 477 U.S. at 322-23).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)), *cert. denied*, 578 U.S. 945 (2016); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368. Thus, a genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016); *accord MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021). The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021).

B.  Statute of Limitations Under Texas Law

In a diversity case arising under Texas law, federal courts apply Texas statutes of limitation along with any accompanying rules regarding accrual and tolling. *See Ledford v. Keen*, 9 F.4th 335, 338 n.2 (5th Cir. 2021); *Bloom v. Aftermath Pub. Adjusters, Inc.*, 902 F.3d 516, 517 (5th Cir. 2018) (citing *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir.), *cert. denied*, 522 U.S. 817 (1997)), *cert. denied*, 139 S. Ct. 1178 (2019); *Milton v. Stryker Corp.*, 551 F.

App'x 125, 127 (5th Cir. 2014). In Texas, "[a] suit for personal injuries must be brought within two years from the time the cause of action accrues." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)); *Threet v. Elbert*, No. 09-22-00065-CV, 2023 WL 3114660, at *7 (Tex. App.—Beaumont Apr. 27, 2023, no pet. h.). Timely filing the lawsuit alone, however, does "not interrupt the running of limitations." *Proulx*, 235 S.W.3d at 215; *Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.). If a plaintiff does not serve within the limitations period, she must instead "exercise[ ] due diligence in the issuance and service of citation." *Proulx*, 235 S.W.3d at 215 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)); *English v. Record*, No. 01-20-00608-CV, 2021 WL 4095253, at *2 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) ("To 'bring suit' within the applicable limitations period, a plaintiff must both file suit within the limitations period and use due diligence to serve the defendant with process."); *Mauricio*, 287 S.W.3d at 479. "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx*, 235 S.W.3d at 215 (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990)); *Threet*, 2023 WL 3114660, at *7; *Mauricio*, 287 S.W.3d at 479.

If a defendant affirmatively pleads a limitations defense and demonstrates that service occurred after the limitations period expired, "the burden shifts to the plaintiff 'to explain the delay.'" *Proulx*, 235 S.W.3d at 216 (quoting *Murray*, 800 S.W.2d at 830); *Mauricio*, 287 S.W.3d at 479; *see Threet*, 2023 WL 3114660, at *7. "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Proulx*, 235 S.W.3d at 216 (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975));

*Threet*, 2023 WL 3114660, at *7.  "[T]he relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served."  *Proulx*, 235 S.W.3d at 216; *Threet*, 2023 WL 3114660, at *7; *English*, 2021 WL 4095253, at *2; *Mauricio*, 287 S.W.3d at 479.

The issue of whether a plaintiff exercised diligence when obtaining the issuance and effecting service of citation is ordinarily a fact question.  *Mauricio*, 287 S.W.3d at 480; *see Threet*, 2023 WL 3114660, at *8; *English*, 2021 WL 4095253, at *3; *see also Bass v. Greene*, No. 6:19-CV-00541, 2020 WL 1880946, at *2 (E.D. Tex. Jan. 21, 2020).  Nevertheless, "if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law."  *Mauricio*, 287 S.W.3d at 480 (citing *Perry v. Kroger Stores*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ)); *see Proulx*, 235 S.W.3d at 216 ("In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue and the defendant will bear no burden at all . . . .  In others, the plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable."); *English*, 2021 WL 4095253, at *3.

    1.    <u>IPC Pleaded a Limitations Defense</u>

Here, IPC affirmatively pleaded the defense of limitations in its answer, and it has demonstrated that service did not occur until after the limitations period expired.  In fact, Clark filed her original petition on January 23, 2023—only three days before the expiration of the two-year statute of limitations.  Over ten weeks later—73 days, specifically—Clark requested a citation for service.  Then, 22 days later, on April 28, 2023, Clark provided the citation and

original petition to a private process server, and IPC was served the same day. Accordingly, IPC has demonstrated that service occurred after the limitations period expired. As such, "the burden shifts to the plaintiff 'to explain the delay.'" *Proulx*, 235 S.W.3d at 216; *see Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

### 2. Clark's Explanation of the Delay in Service

To illustrate her diligence and explain the delay in service, Clark avers that her counsel relied on a "rotating" system to schedule the request for citation and, during that time, was also "presented with a number of pressing matters." As Clark points out, her lead attorney is licensed to practice law in Louisiana and is not licensed in Texas.[2] She asserts that, because of this, her counsel's "usual docketing system" is based on Louisiana law, which requires that service be "requested" only within 90 days of filing the lawsuit.

Once this lawsuit was filed, Clark's lead counsel's "computer docket system automatically calendared April 23, 2023, as the usual deadline to request service and citation," per Louisiana law. In addition, after filing suit, Clark's lead counsel "moved on to other pressing matters," and did not "cycle[ ] back" to Clark's case until April 6, 2023—a date that the "computer docket system" ostensibly scheduled. On that date, or just before, Clark's lawyers conducted a "'plan of attack' meeting" that "resulted in the April 6, 2023[,] request for citation." In his affidavit, Clark's lead counsel emphasizes that "[b]etween January 23, 2023[,] and May 22, 2023, [his] docket was unusually filled." He further avers that numerous motions and trial settings "impacted

---

[2] Clark's other lawyer, however, is licensed to practice law in Texas. Clark contends, nonetheless, that her Texas-licensed counsel's "role . . . was to simply file the suit to preserve the action." She further explains that her Louisiana-licensed counsel "has considerabl[y] more experience" and maintains the "role [of] lead counsel."

[his] case rotation system"[3]—that is, he seems to suggest that these obligations delayed the "plan of attack" meeting.[4]

In any event, "the foregoing evidence constitutes more than a scintilla of evidence raising a question of fact" with respect to whether Clark "acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time [IPC] was served." *English*, 2021 WL 4095253, at *3 (quoting *Proulx*, 235 S.W.3d at 217).  As a result, the burden shifts back to IPC to demonstrate that Clark's explanation is insufficient as a matter of law.  *Proulx*, 235 S.W.3d at 216 (citing *Zale Corp.*, 520 S.W.2d at 891); *Threet*, 2023 WL 3114660, at *7.

### 3. Clark's Explanation is Insufficient as a Matter of Law

IPC contends that Clark's explanation is insufficient for a few reasons.  IPC first asserts that ignorance of Texas law is no excuse for a lack of diligence.  Next, although it concedes that reliance on a docketing system may explain a short delay in diligence, IPC argues that Clark's extended reliance on such a system is not a "'reasonable explanation' for the seventy-day lapse between filing the petition and service."  Finally, IPC avers that Clark "offers no excuse as to why her local, Texas-licensed counsel was unable to effect service timely."

---

[3] Specifically, Clark's lead attorney explains that he was "tasked with two (2) Motions for Summary Judgment and three (3) jury trials."  He further explains that one case in particular "involved six (6) motions, which were filed from March 17, 2023, through May 22, 2023 (the date of trial)."

[4] This assertion stands in tension with another portion of Clark's response, which seems to claim that the docketing system, because it was based on Louisiana law, automatically calendared a date by which to request the citation for service and conduct the "plan of attack" meeting.

a.   Reliance on Louisiana Law

Regarding Clark's counsel's reliance on Louisiana law, IPC correctly points out that ignorance of the law is not an excuse for a lack of diligence in effectuating service. Indeed, just as with "counsel's mistakes and oversights," *Frozen Food Exp. Indus., Inc. v. Grippe*, No. 05-99-00018-CV, 1999 WL 1140074, at *3 (Tex. App.—Dallas Dec. 14, 1999, pet. denied) (citing *Webster v. Thomas*, 5 S.W.3d 287, 291 (Tex. App.—Houston [14th Dist.] 1999, no pet.)), "ignorance of the law does not excuse a lack of due diligence." *Martin v. Stone*, No. 02-22-00346-CV, 2023 WL 5282408, at *4 n.8 (Tex. App.—Fort Worth Aug. 17, 2023, pet. filed) (citing *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) ("An excuse of diligence must involve diligence to seek service of process. Ignorance of the law or reliance upon one's own attorney does not constitute such an excuse.")); *see Emerton v. Kroger Co.*, No. 3:14-CV-3334-D, 2015 WL 731250, at *3 (N.D. Tex. Feb. 20, 2015) ("[T]he acts of one's attorney are imputed to the client."). Thus, to the extent that Clark's counsel contends that he was unclear as to Texas's demands regarding diligent service, such an excuse equates to no explanation at all. The same can be said for her lead counsel's docketing system. In that vein, Clark's response clarifies that her "[lead] counsel's docketing system was based upon a jurisdiction (Louisiana) that requires . . . service be requested within 90 days." Accordingly, reliance on this system must weigh against diligence to the extent that the docketing system was based on another state's law, rather than the law of the forum state.

b.   Clark's Lead Counsel's Docketing System

While the configuration of this "docketing system" is not entirely clear from Clark's response and her counsel's affidavit, the submissions indicate that the system is not only based on

8

Louisiana law but was also "impacted" by other pressing matters. Clark relies on *English v. Record* to contend that her lead counsel's actions constitute the exercise of due diligence in effectuating service. 2021 WL 4095253, at *2. English filed suit on the last day of the limitations period but did not serve the defendant until nearly eight months after the petition was filed. *Id*. at *1. The defendant moved for summary judgment based on a limitations defense, and the trial court granted the motion. *Id*. English appealed, arguing that she had "presented sufficient evidence to raise a fact issue on diligence of service." *Id*. English's counsel clearly exercised diligence through much of the eight-month period (including numerous attempts to locate and serve the defendant); however, the "timeline of events . . . contain[ed] some gaps." *Id*. at *4. One of these gaps, a three-week delay between the petition's filing and counsel's request for citation, is particularly relevant to the case at bar. To explain this delay, English's counsel asserted that the three-week delay was due to his being "occupied with other work." *Id*. "He stated that he worked his active cases on a 'rotating' system," meaning that "[o]nce he ensured that the suit was filed within the limitations period, he rotated to working on other 'pressing matters' before he turned again to English's case." *Id*. Although the defendant argued that "it was 'clearly unreasonable' for counsel to delay requesting citation for three weeks" and rely on his "rotating" system, the court of appeals disagreed and held that the explanation raised a fact question. *Id*. Specifically, the court determined that "[g]iven the length of the delay," it was unable to "say, as a matter of law, whether it was unreasonable for counsel to work on other 'pressing matters' for three weeks before requesting citation in English's case." *Id*. Clark argues that, just as in *English*, her delay in serving IPC "was not due to a lack of diligence, but due to counsel's docketing system and existing docket."

9

IPC contends that Clark's reliance on *English* is "misguided" because the case at bar "is clearly distinguishable." It notes that, "unlike . . . English['s] attorney, Clark's counsel did not have a 'short duration of delay' between filing and requesting citation; rather seventy days passed after the statute of limitations expired and before Clark requested citation"—"fifty days more than it took . . . English['s] attorney." To be sure, the relatively short duration of the delay was vital to the court's analysis in *English*. *See id*. After observing that English's attorney "emphasize[d] that [the] explanation of his 'rotation system is a reasonable explanation only in light of the short duration of the delay,'" the court held that "[g]iven the length of the delay, we cannot say, as a matter of law, whether it was unreasonable for counsel to work on other 'pressing matters' for three weeks before requesting citation in English's case." *Id*. As IPC points out, the delay at issue here is much longer than the delay at issue in *English*. While a 22-day delay may be reasonably explained by a docketing system, the same cannot be said for a 73-day delay. *See id*. As such, this case is plainly distinguishable from *English*. Thus, in light of the relatively long delay at issue here, Clark's counsel's prolonged reliance on his docketing system was unreasonable. *See id*.

Clark concedes that the "lapse in the case at bar was longer" than that at issue in *English*. To justify her extended delay, however, Clark emphasizes that her "counsel's docketing system was based upon a jurisdiction (Louisiana) that requires that service be requested within 90 days." As discussed above, however, "ignorance of the law does not excuse a lack of due diligence." *Martin*, 2023 WL 5282408, at *4 n.8. Therefore, the fact that the docketing system was based on Louisiana law makes Clark's counsel's reliance on it even less reasonable. Furthermore, her counsel's preoccupation with other cases cannot alone constitute a reasonable explanation for the

10

delay in this case. *See Burke v. Home Depot Store #6828*, No. 4:16-CV-03620, 2018 WL 2321956, at *7 (S.D. Tex. Jan. 31, 2018). Thus, due to the significant delay from the date of filing to Clark's request for citation and the docketing system's dependence on Louisiana law, Clark's counsel's reliance on this docketing system was unreasonable as a matter of law.[5] *See Sanderson*, 2003 WL 1564314, at *2 ("Lack of diligence can be found even in the face of an offered explanation if that explanation affirmatively establishes lack of reasonable diligence.").

### c.   Issues That Clark Fails to Explain

Absent from Clark's response are any explanations regarding Clark's Texas-based counsel's inaction during the time at issue or the 22-day delay between the date her counsel requested the citation and the day counsel provided the citation and original petition to a private process server. With respect to her Texas-based counsel's actions, IPC points out that "Clark offers no explanation as to why her local, Texas-licensed counsel was unable to, or otherwise did not handle, service of citation." Indeed, on this point Clark states only that her Louisiana-licensed counsel "has considerabl[y] more experience" than her Texas-licensed counsel, which is a plainly insufficient explanation. In fact, years of trial experience are not necessary for an attorney to perform the relatively simple task of requesting citation and arranging for service on a corporation

---

[5] Although a number of cases finding a lack of diligence as a matter of law involve periods of unexplained activity in excess of five months, courts have nonetheless determined that such a lack of diligence exists in cases involving shorter delays. *See Webster*, 5 S.W.3d at 291 (delay of four months and ten days); *see also Sanderson v. Vela*, No. 05-02-01157-CV, 2003 WL 1564314, at *2 (Tex. App.—Dallas Mar. 27, 2003, no pet.) ("Even a three month unexplained delay can constitute a lack of due diligence."); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) (three-month delay). The exercise of diligence, or the lack thereof, is the focus of the court's analysis, rather than the length of delay alone. *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.—San Antonio 1999, no pet.); *see Proulx*, 235 S.W.3d at 216 ("[T]he plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable.").

based in the United States that has a registered agent for service of process. Thus, in failing to explain her Texas-based counsel's inaction, Clark overlooks her burden to "explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216. The same is true for the 22 days after Clark's counsel's request for citation and prior to service. Aside from her lead counsel's assertion in his affidavit that he was busy handling other matters, which constitutes no explanation on its own, Clark fails to provide any explanation for this additional lapse in effort. *Id.*; *see Burke*, 2018 WL 2321956, at *7. Indeed, this would have been the perfect opportunity for lead counsel to turn to Texas-based counsel, the sole counsel of record in Texas state court, for assistance in carrying out the primarily clerical functions entailed in obtaining the issuance of citation and effectuating service of process, which dovetails with his role of filing suit in Texas. Yet, counsel did not do so. Thus, even setting aside the earlier 73-day delay, unexplained periods of inaction still remain. Accordingly, IPC has shown that the explanations provided by Clark are insufficient as a matter of law to excuse such dilatory service of process. *See Proulx*, 235 S.W.3d at 216.

III.   Conclusion

In sum, for the foregoing reasons, Clark has failed as a matter of law to exercise due diligence after this suit was filed. Consequently, the limitations period was not tolled, and her suit is time-barred. Thus, IPC's Motion for Summary Judgment (#10) is GRANTED. The Court will issue a separate Order of Dismissal.

SIGNED at Beaumont, Texas, this 29th day of February, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE